1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9 WILLIAM HINKLE, JR.,

10                                                          3:08-cv-00101-LRH-RAM
        Petitioner,
11                                                          ORDER
   vs.
12

13 E.K. MCDANIELS, *et al.*,

14        Respondents.

15

16        This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule

17 4 of the Rules Governing Section 2254 Cases.  Following initial review, it appears that the Court lacks

18 jurisdiction over the subject matter because petitioner's sentence on the challenged conviction had fully

19 expired prior to the constructive filing date of the original federal petition, such that petitioner no longer

20 was in custody under that conviction for purposes of federal habeas jurisdiction.  Petitioner therefore

21 will be directed to show cause in writing why the petition, as amended, should not be dismissed for lack

22 of jurisdiction.

23        Petitioner was convicted in the Fifth Judicial District for the State of Nevada on August 8, 2005,

24 of driving under the influence of alcohol, under Case No. CR4760.  The judgment of conviction

25 sentenced him to a maximum term of 50 months with a minimum term of not less than 20 months, with

26 pre-sentence credit of 161 days. See #11, at electronic docketing pages 13-14 (judgment of conviction).

27 The records of the Nevada Department of Corrections reflect that the sentence under the judgment of

28 conviction fully expired on May 14, 2007.  See #14-2 (sworn declaration of Shelly Williams).

1   Petitioner mailed the original federal petition in this matter to the Clerk of Court for filing on or about

2   February 26, 2008, after the expiration of the sentence.

3          The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a

4   judgment of conviction only for persons who are "in custody" under the conviction at the time that the

5   petition is filed.  *See,e.g., Maleng v. Cook*, 490 U.S. 488, 490-91,109 S.Ct. 1923, 1925, 104 L.Ed.2d

6   540 (1989).  A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes

7   of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the

8   filing of the federal petition.  *See,e.g., Maleng*, 490 U.S. at 492, 109 S.Ct. at 1926; *De Long v.*

9   *Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).   It thus appears that the Court lacks jurisdiction over

10  the petition in this case, which was filed after the expiration of the sentence under the challenged

11  judgment of conviction.

12         IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner

13  shall SHOW CAUSE in writing why the petition, as amended, should not be dismissed without

14  prejudice for lack of jurisdiction over the subject matter because the sentence imposed by the challenged

15  judgment of conviction was fully discharged prior to the filing of the federal petition.  If petitioner does

16  not timely respond to this order, or if petitioner does not assert facts sufficient to establish jurisdiction,

17  the petition will be dismissed without prejudice for lack of jurisdiction.  Any assertions of fact that are

18  not supported by a sworn declaration under penalty of perjury and/or other competent evidence will be

19  disregarded.

20         DATED this 10th day of November, 2009.

21

22

23                                                  _____

24                                                  LARRY R. HICKS
                                                    UNITED STATES DISTRICT JUDGE

25

26

27

28