# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM HINKLE, JR.,

    Petitioner,

vs.

E.K. MCDANIELS, *et al.*,

    Respondents.

3:08-cv-00101-LRH-RAM

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the Court lacks jurisdiction over the subject matter because petitioner's sentence on the challenged conviction had fully expired prior to the constructive filing date of the original federal petition, such that petitioner no longer was in custody under that conviction for purposes of federal habeas jurisdiction. This order follows upon the Court's earlier show cause order (#15) and the only paper (#16) filed by petitioner thereafter.

    Petitioner was convicted in the Fifth Judicial District for the State of Nevada on August 8, 2005, of driving under the influence of alcohol, under Case No. CR4760. The judgment of conviction sentenced him to a maximum term of 50 months with a minimum term of not less than 20 months, with pre-sentence credit of 161 days. See #11, at electronic docketing pages 13-14 (judgment of conviction). The records of the Nevada Department of Corrections reflect that the sentence under the judgment of conviction fully expired on May 14, 2007. See #14-2 (sworn declaration of Shelly Williams). Petitioner mailed the original federal petition in this matter to the Clerk of Court for filing on or about February 26, 2008, after the expiration of the sentence.

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction at the time that the petition is filed. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the filing of the federal petition. *See, e.g., Maleng*, 490 U.S. at 492, 109 S.Ct. at 1926; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The Court thus lacks jurisdiction over the petition in this case, which was filed after the expiration of the sentence under the challenged judgment of conviction.

The time for responding to the show cause order has expired. The only paper filed by petitioner subsequent to the show cause order is a letter that does not directly respond to or otherwise address the show cause order. The paper instead is a letter requesting legal advice from the Court and/or appointment of counsel to address an issue that petitioner has with state authorities in 2009 regarding his release on parole on a subsequent DUI conviction. That DUI offense apparently occurred after the expiration of the sentence on the earlier DUI conviction that is the subject of the present petition. The Court does not provide legal advice to litigants, and it does not respond to requests from litigants presented by letter rather than motion. The circumstances described in the letter do not have anything to do with the claims in the petition in this case, and nothing in the letter establishes the presence of jurisdiction over the petition. Even if it were assumed, *arguendo*, that petitioner had properly presented a motion for appointment of counsel in this matter, the Court does not find that the interests of justice require the appointment of counsel in this case, particularly given the clear absence of jurisdiction.

The petition accordingly will be dismissed for lack of jurisdiction over the subject matter.

Under new Rule 11 of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. A motion to reconsider a denial does not extend the time to appeal.

As to claims rejected on procedural grounds, the petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and

(2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  529 U.S. at 485, 120 S.Ct. at 1604.  Where a plain procedural bar is properly invoked, an appeal is not warranted.  529 U.S. at 484, 120 S.Ct. at 1604.

The Court will deny a COA.  Jurists of reason would not find it debatable whether the district court is correct in its procedural ruling.  The Court clearly does not have jurisdiction over the subject matter because petitioner's sentence fully expired before the federal petition was filed.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice for lack of jurisdiction over the subject matter.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED this 8th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE